UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| Gabriel G. Antunez, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. 05-CV-555 |
| | § | |
| | § | |
| United States of America, | § | |
|    Defendant. | § | |

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pending before the Court is Defendant's Motion for Summary Judgment. (D.E. 11). Plaintiff has not responded. Because there remains no genuine issue as to material facts on essential elements of the plaintiff's claim, the Court GRANTS Defendant's Motion for Summary Judgment. (D.E. 11).

*Standard of Review*

Summary judgment is appropriate when the movant can demonstrate that the pleadings, depositions, affidavits, and other evidence available to the court establish no genuine issue of material fact. FED. R. CIV. P. 56(c). Once the movant has met its burden, the nonmovant must demonstrate that there are fact issues warranting a trial. FED. R. CIV. P. 56(e). The nonmovant must set forth sufficient evidence supporting a claimed factual dispute to require a fact finder to resolve the parties' differing versions of the truth. *Whelan v. Winchester Prod. Co.*, 319 F.3d 225, 228 (5th Cir. 2003). If the nonmovant fails to make

a showing on an element for which he bears the burden of proof, the movant is entitled to judgment as a matter of law. *Id.* The evidence must be viewed in a light most favorable to the nonmovant. *Id; Walker v. Thompson*, 214 F.3d 615, 624 (5th Cir. 2000).

*Plaintiff's claim under the Federal Tort Claims Act*

Plaintiff alleges he slipped and fell on a wet floor in the dining hall of a federal correctional institution on December 6, 2004. As a result of this fall, plaintiff alleges he suffered injury to his back and legs, as well as pain and a loss of memory. He avers there was no sign warning him of a wet floor, and that his injuries are traceable to the negligence of the Bureau of Prisons. After exhausting administrative remedies, plaintiff filed suit under the Federal Tort Claims Act, 28 U.S.C. § 2674.

The Federal Tort Claims Act imposes liability upon the United States for the tortious conduct of its employees, when acting within the course and scope of their employment, in the same manner and to the same extent[1] as a private individual under like circumstances. 28 U.S.C. §§ 2674, 1346 (2006); *Hebert v. The United States*, 438 F.3d 483, 486 (5th Cir. 2006). The Supreme Court has held that federal prisoners may present suit under the Federal Tort Claims Act to recover for personal injuries sustained in prison because of the negligence of government employees. *United States v. Muniz*, 374 U.S. 150 (1963).

To establish his claim for negligence under Texas law, plaintiff must show the

---

1. The Unites States cannot be liable for prejudgment interest or punitive damages. 28 U.S.C. § 2674 (2006).

existence of a duty, a breach of that duty, and injury proximately caused by the breach. *Western Investments, Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). The Supreme Court of the United States has determined that "the duty of care owed by the Bureau of Prisons to federal prisoners is fixed by 18 U.S.C. § 4042, independent of an inconsistent state law." *Muniz*, 374 U.S. at 164–65. The United States must exercise ordinary diligence in keeping prisoners safe and free from harm. *Jones v. United States*, 534 F.2d 53, 54 (5th Cir.1976); *see also* 18 U.S.C. § 4042(a).[2]

When the plaintiff's injury is the result of a condition of the premises, under Texas law the injured can recover only under a premises liability theory of negligence. *Crooks v. Moses*, 138 S.W.3d 629, 639 (Tex.App.—Dallas 2004, no pet.); *see H.E. Butt Grocery Co. v. Warner*, 845 S.W.2d. 258, 259 (Tex. 1992). This requires the plaintiff show a condition on the premise posing unreasonable risk of harm, that the defendant had actual or constructive knowledge of the danger, that defendant failed to warn the plaintiff and make the condition safe, and that the failure to warn and make safe proximately caused the plaintiff's injuries. *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000). In a slip and fall case such as this, actual or constructive knowledge can be established by evidence

---

2. The Court notes that using a federal statute to establish and delineate the element of duty is inconsistent with the language of the FTCA, which conditions the United States' tort liability on the existence of state law. *See Dawson v. United States*, 68 F.3d 886, 896 (5th Cir. 1995) (reversing an award of sanctions against an attorney who argued that state law, not § 4042(a), governed liability issues for a federal prisoner's FTCA claim because the argument was reasonable); *Johnson v. Sawyer*, 47 F.3d 716, 727 (5th Cir. 1995) (maintaining that the FTCA was not intended to redress a breach of a federal statutory duty). Nevertheless, *Muniz* is still valid law, and the outcome of this case would be the same regardless of whether the element of duty turns on state or federal law, as they are substantially the same.

that the defendant put the foreign substance on the floor, that the defendant knew the substance was on the floor and negligently failed to remove it, or that the substance was on the floor for so long that in the exercise of ordinary care, it should have been noticed and removed. *Wal-Mart Stores v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002).

Defendant has demonstrated that the pleadings, affidavits, and other evidence available to the court, establish that there remains no genuine issue as to certain material facts, and that defendant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). After eleven months, plaintiff has shown no evidence of a wet or slippery floor on or about December 6, 2004, or that the defendant had actual or constructive knowledge of such a condition. In contrary, defendant has produced evidence showing that the dining hall employees had no knowledge of a substance on the floor and no knowledge of plaintiff's alleged fall. (D.E. 11, Exhibit C).

Additionally, plaintiff has produced no evidence showing his back injury was proximately caused by his alleged fall in the dining room. The evidence shows that plaintiff unfortunately has suffered from back pain since being admitted to the correctional institution on September 3, 2003. (D.E. 11, Exhibit D). Indeed, prior to the alleged fall on December 6, 2004, plaintiff reported to the institution's medical clinic on fourteen separate occasions for complaints of back pain. (D.E. 11, Exhibit D). In an unrelated administrative claim that the plaintiff signed and filed one month after his alleged fall in the dining room, plaintiff indicated that his back was injured in 2002 when he "accidentally hurt his vertical column while lifting a roll of hose" and when he was "beaten of [sic] Officer in the John Millenton

in Abilene, Texas." (D.E. 11, Exhibit B).  He made no mention of a dining room fall in this separate administrative claim.  (D.E. 11, Exhibit B).

There is no evidence showing that defendant failed to exercise ordinary diligence in keeping plaintiff free from harm. *Jones*, 534 F.2d at 54. Plaintiff has offered no evidence showing defendant had actual or constructive knowledge of an unreasonable risk of harm, or that any breach of these standards was the proximate cause of his back injury.  *Daenen*, 15 S.W.3d at 99; *Reece*, 81 S.W.3d at 814.  Accordingly, no genuine issue as to material fact remains, and defendant is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).

The Court therefore GRANTS defendant United States of America's Motion for Summary Judgment (D.E. 11), and DISMISSES with prejudice plaintiff's claims in this cause.

Ordered this 12th day of October, 2006.

_____
HAYDEN HEAD
CHIEF JUDGE